WILSON *et al. v.* STATE.

(In Banc.   March 9, 1942.)

[6 So. (2d) 607.   No. 34710.]

B. P. Mauldin, of Pontotoc, for appellants.

**Greek L. Rice**, Attorney-General, by **Geo. H. Ethridge**, Assistant Attorney-General, for appellee.

574

**McGehee, J.,** delivered the opinion of the court.

At a time when the six appellants were imprisoned in the upper story of the county jail, alone and in the night-time, immediately following their arrest for being drunk, one or more of them damaged and defaced the building and certain property situated therein, by breaking out the panes of the windows, removing some brick out of the wall, flooding the floor with water by breaking the water line, turning the bedding over onto the floor, in the water, and breaking up the dishes used by the county in serving meals to the prisoners. They were jointly tried and convicted under an indictment charging that offense, and they all prosecute this appeal.

The sheriff, a deputy and the jailer were introduced as witnesses on behalf of the state, and their testimony was sufficient to establish, by direct proof, the fact that the offense was committed, and by circumstantial evidence that one or more of the six defendants were guilty; but none of the witnesses were able to testify that they saw any one of the defendants in particular take part in what was being done, as the witnesses were all downstairs on the ground at the time. The jailer did testify, when first placed on the witness stand, that he saw one of the defendants, Clete Christian, remove the brick from the wall, so as to make an opening through the same; but when later recalled as a witness it was clearly shown that this was a mere conclusion on his part, and was based on the erroneous assumption that this defendant was the only prisoner at large in that particular part of

the building at the time the bricks were being removed from the wall; and when it was shown that some of the others then had access to that part of the building, he was asked the question, "Then you don't know who did the digging?"; and he answered, "No sir."

There being no direct proof that all of the defendants took part in what transpired, or as to which of them, if not all, was guilty, and it being presumed that they were all involuntarily present at the scene of the crime, and that none of them was privileged to leave, the case must rest upon circumstantial evidence as to the individual guilt of each. This being true, it was necessary that the evidence should show beyond every reasonable doubt, and to the exclusion of every other reasonable hypothesis, that the verdict was correct as to each defendant against whom it is sought to be upheld. To sustain the verdict against all of the defendants it is urged, as being a strong circumstance, that each of them denied to the officers any knowledge as to who actually participated in the acts complained of, and that they each necessarily knew who were guilty, and were seeking to protect each other. Against this circumstance, however, the state's proof disclosed that they were all drunk, and it was not shown whether there was a light burning upstairs at that time of night by which any one of the defendants could have seen what the others were doing, or who in particular was committing the acts complained of, except the light which one of them blew out in the part of the jail where he was then operating.

It is unfortunate that where one or more of the defendants are manifestly guilty of these acts of vandalism they should be set free. But it is necessary and proper that such a result should obtain in this instance, rather than that any one of the defendants should be punished without proof of his guilt beyond every reasonable doubt, and to the exclusion of every other reasonable hypothesis, as required by law.

Reversed and judgment here for the appellants.